NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0888n.06

No. 14-1153

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWIN ELDIE DARE PARKER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

**FILED**
Dec 01, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

BEFORE:  BOGGS, ROGERS, and STRANCH, Circuit Judges.

PER CURIAM.  Edwin Eldie Dare Parker appeals his 24-month sentence imposed upon the revocation of his supervised release.  As set forth below, we affirm Parker's sentence.

In 2010, Parker pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  The district court sentenced him to 36 months of imprisonment followed by five years of supervised release.  Parker's supervised release began on April 17, 2013.  Nine months later, after two modifications of the conditions of Parker's supervised release, the probation office petitioned the district court for a warrant for his arrest, alleging nine violations of the conditions of his supervised release.  Parker pleaded guilty to five violations—three involving his possession and use of methamphetamine and two involving his failure to notify and obtain approval from his probation officer of a change in residence—in exchange for the dismissal of the other four violations.  The district court stated that the guidelines range was 21 to 27 months of imprisonment, based on a Grade B violation and a criminal history category

of VI. Both parties agreed with that calculation. Revoking Parker's supervised release, the district court sentenced him to 24 months of imprisonment followed by 24 months of supervised release.

On appeal, Parker contends that his sentence is procedurally unreasonable, asserting that the district court relied on an incorrect range of 21 to 27 months of imprisonment where the properly calculated range was 21 to 24 months of imprisonment because there was a two-year statutory maximum. "A sentencing court commits procedural error by failing to calculate (or improperly calculating) the Guidelines range . . . ." *United States v. Rosenbaum*, 585 F.3d 259, 266 (6th Cir. 2009). Because Parker did not object to this alleged error at the conclusion of the hearing when he was afforded the opportunity to make objections, we review his procedural challenge for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). Parker must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 386 (internal quotation marks omitted).

Under USSG § 7B1.4(b)(3)(A), the district court may impose a sentence "at any point within the applicable range, provided that the sentence . . . is not greater than the maximum term of imprisonment authorized by statute." Here, the district court calculated the applicable range as 21 to 27 months of imprisonment and imposed a sentence within that range—the statutory maximum of 24 months of imprisonment. Parker cites no authority for the proposition that the district court must articulate the range as capped by the statutory maximum. There is no indication that the district court was unaware of the two-year statutory maximum or the capped range of 21 to 24 months of imprisonment, which were both set forth in the probation office's violation worksheet. There is no support for Parker's argument that the district court intended to

impose a mid-range sentence, given his concession that "I just don't feel that I would personally be able to handle and maintain supervised release status" and the district court's recognition of his "strict refusal to comply with the circumstances and conditions of supervised release."

Because Parker has failed to demonstrate that the district court plainly erred, we affirm his sentence.